### W. W. LONG v. STATE

No. 27,331. January 19, 1955

No attorney for appellant of record on appeal.

18

*Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted for murder without malice under Art. 802c, Vernon's Ann. P.C.; the punishment, two years in the penitentiary.

It was shown by the state's testimony that appellant, while intoxicated and driving his automobile upon a public highway, turned to his left-hand side of the highway and struck George Hampton's automobile approaching from the opposite direction, which collision caused the death of Patricia Nell Wilson, a passenger in Hampton's automobile.

Appellant, while testifying, admitted that he was driving his automobile upon a public highway at the time it collided with George Hampton's automobile. He further testified that immediately before the collision there was moisture on the windshield of his automobile which blurred his vision and, as he drove over the crest of a hill, lights flashed up in front of him and, it appearing to him that there would be a collision, he swerved to his left and the collision occurred. Appellant testified that he had been drinking beer, but that he was not intoxicated.

The jury resolved the issue of fact against appellant and we find the evidence sufficient to sustain its verdict.

Appellant complains of a question asked him by the state while he was testifying on cross-examination, to-wit: "Do you recall telling that group of people there, 'Goddamn her, I have insurance to cover this?'" to which question appellant objected and the court instructed the jury to disregard the question as improper. Appellant then moved the court to grant a mistrial because said question was so prejudicial that an instruction could not remove it from the minds of the jury and, upon the court's refusal, appellant excepted.

The court qualified the bill by certifying that at the time the question was asked he voluntarily and quickly instructed the jury not to consider the question and rebuked the prosecution for asking the question. The bill does not show any facts which would make the testimony called for by the question inadmissible. This question was not answered and the bill does not show that it was asked for the purpose of prejudicing the minds of the

jury or that there was no basis for asking the question. No reversible error is here shown.

Appellant's specially requested charges, which were refused by the trial court, are shown to have been submitted in the court's main charge, substantially as requested, therefore no error is shown.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the court.